UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MARLIN ELIZABETH McKISIC, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO. 3:06-0776 |
| H.A.T.S., INC., GALLATIN/ SPRINGFIELD, TENNESSEE, | ) ) ) | Judge Trauger/Bryant |
| Defendant. | ) ) | |

**TO: The Honorable Aleta A. Trauger**

### REPORT AND RECOMMENDATION

This civil action was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) for report and recommendation on all dispositive motions (Docket Entry No. 8).

Plaintiff, Marlin Elizabeth McKisic (McKisic), filed this action under 42 U.S.C. § 2000e et seq., Title VII of the Civil Rights Act of 1964, as amended, against Defendant Habilitation And Training Services, Inc., Gallatin/Springfield, Tennessee (H.A.T.S.), her former employer. McKisic alleges that the defendant violated her rights under Title VII by terminating her because of her race. Pending before the Court is the defendant's motion for summary judgment. H.A.T.S. maintains that McKisic's action is time-barred under Title VII, because her complaint was not filed within 90 days of McKisic's receipt of her right-to-sue letter from the Equal Employment Opportunity Commission (EEOC) (Docket Entry No. 11).

Factual Summary

According to her complaint, on December 2, 2004, McKisic filed a charge alleging racial discrimination in her termination from H.A.T.S. The EEOC mailed McKisic a right-to-sue letter dated March 31, 2006, which informed McKisic that she had ninety days from her receipt of the letter to file an action in court (Docket Entry No. 1 at 24). McKisic's complaint in this action, however, was not filed until August 8, 2006 (Docket Entry No. 1).

In her response to requests for admissions, McKisic has admitted that she received the Notice of Suit Rights letter from the EEOC more than ninety days prior to August 8, 2006 (Docket Entry No. 12, Exhibit 1). Furthermore, McKisic has not filed a response to the motion for summary judgment.

Analysis

Under 42 U.S.C. § 2000e-5(f)(1), a Title VII claimant must file a judicial action within 90 days after receiving a right-to-sue letter from the EEOC. This time limit has been deemed in the nature of a limitations period, but strict compliance is not a jurisdictional prerequisite. See Mohasco Corp. v. Silver, 447 U.S. 807, 811 n.9 (1980). Rather, a Title VII plaintiff's failure to comply with this time limitation is to be plead as an affirmative defense by the defendant and is thus subject to waiver. Ruiz v. Shelby County Sheriff's Dept., 725 F.2d 388, 391 (6th Cir. 1984).

The Sixth Circuit Court of Appeals has also applied the equitable tolling doctrine to determine whether an action should be

dismissed for the Title VII plaintiff's failure to comply with the statutory period for filing of a complaint. Ruiz at 391-392.

In Ruiz, the Title VII plaintiff filed a request for appointment of counsel with the District Court within the ninety day period from receipt of his notice of a right to sue, which filing was deemed sufficient to toll the statutory period while counsel was secured to assist in the filing of a formal complaint.

Here, McKisic did not file any papers, including her right-to-sue letter, with the Court for more than one hundred thirty days after the mailing of the EEOC notice to her. McKisic offers no explanation for her failure to file her complaint within the ninety-day period specified in the right-to-sue letter, and does not oppose defendant's summary judgment motion. Local Rule 7.01(b) states in part: "Failure to file a timely response shall indicate that there is no opposition to the motion."

RECOMMENDATION

For the reasons stated above, the Magistrate Judge **RECOMMENDS** that defendant's motion for summary judgment be **GRANTED** and the action **DISMISSED** for McKisic's failure to file her Title VII claim in a timely manner.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections

3

filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>reh'q</u> <u>denied</u>, 474 U.S. 1111 (1986).

  **ENTERED** this 23rd day of May, 2007.

            <u>s/ John S. Bryant   </u>
            JOHN S. BRYANT
            United States Magistrate Judge